# EXHIBIT "A"

## General Civil Case Filing Information Form (Non-Domestic)

12/15/2016

Court                  County  Dekalb                    Date Filed _____
☐ Superior                                                            MM-DD-YYYY
☑ State                Docket #  16A62525

**Plaintiff(s)**                                    **Defendant(s)**

Neal, Doreen                                        Thor Equities, LLC
Last   First   Middle I.  Suffix Prefix  Maiden     Last   First   Middle I.  Suffix Prefix  Maiden

                                                    Urban Retail Properties, LLC
Last   First   Middle I.  Suffix Prefix  Maiden     Last   First   Middle I.  Suffix Prefix  Maiden

Last   First   Middle I.  Suffix Prefix  Maiden     Last   First   Middle I.  Suffix Prefix  Maiden

Last   First   Middle I.  Suffix Prefix  Maiden     Last   First   Middle I.  Suffix Prefix  Maiden

No. of Plaintiffs  1                                No. of Defendants  2

**Plaintiff/Petitioner's Attorney**        ☐ Pro Se

Barron, Colin
Last        First          Middle I.      Suffix

Bar #  612816

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil (Specify) _____

_____

---

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident

☑ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify)_____

_____

Are Punitive Damages Pleaded?  ☐ Yes  ☑ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
    Plaintiff,     )
                                      )
v.                                    )    CIVIL ACTION
                                      )    FILE NO: 16A62525
THOR EQUITIES, LLC, URBAN             )
RETAIL PROPERTIES, LLC,               )
JOHN DOE, JANE DOE, ABC CO.,          )
and XYZ, CO.,                         )
                                      )
    Defendants.    )
_____  )

### COMPLAINT

COMES NOW, DOREEN NEAL (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against THOR EQUITIES, LLC, and URBAN RETAIL PROPERTIES, LLC, (Defendants) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff Doreen Neal is an individual and resident of DeKalb County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant Thor Equities, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

4.

Venue is proper in this Court as to Defendant Thor Equities, LLC, because its registered agent, United Corporate Services, Inc., is located in DeKalb County, Georgia, and may be served with a copy of this Complaint in DeKalb County, Georgia at 4228 1st Avenue, Suite 10, Tucker, Georgia 30084.

5.

Jurisdiction is proper as to Defendant Urban Retail Properties, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

6.

Venue is proper in this Court as to Defendant Urban Retail Properties, LLC, because pursuant to Art. 6 § 2, Par. 4 of the Georgia Constitution, where multiple defendants are sued as joint tort-feasors, proper venue is the county where any one of the alleged tort-feasors resides or may be properly served. Defendant's registered agent, Corporation Service Company, is located in Gwinnett County, Georgia, and, may be served with a copy of this Complaint at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

<u>FACTS APPLICABLE TO ALL CLAIMS</u>

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

7.

On or about July 13, 2015, the date of her injuries, Plaintiff Neal was an invitee of Defendant in accordance with the provisions of O.C.G.A. § 51-3-1, et seq., at The Gallery at South DeKalb, located at 2801 Candler Road, Decatur, Georgia 30034 (hereinafter "the premises").

8.

Plaintiff Neal, while a lawful invitee on the premises, was proceeding through the mall.

9.

As Plaintiff was proceeding through the mall, she slipped and fell in a puddle of water, which was accumulating as the direct result of a leaking ceiling controlled by Defendants.

10.

As a result of the fall, Plaintiff sustained significant bodily injuries.

<u>COUNT I – NEGLIGENCE – DEFENDANT THOR EQUITIES, LLC</u>

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

11.

Defendant Thor Equities, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

12.

Defendant Thor Equities, LLC, was negligent in failing to keep the premises safe and in

repair, as required by law.  As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

13.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

14.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

15.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

16.

Defendant Thor Equities, LLC, had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

17.

Plaintiff was without fault in causing the aforementioned incident.

### COUNT II – NEGLIGENCE – DEFENDANT URBAN RETAIL PROPERTIES, LLC

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

18.

Defendant Urban Retail Properties, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

19.

Defendant Urban Retail Properties, LLC, was negligent in failing to keep the premises safe and in repair, as required by law.  As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

21.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

22.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

23.

Defendant Urban Retail Properties, LLC, had actual or constructive knowledge of the

condition or conditions on the premises which led to the Plaintiff's injuries.

24.

Plaintiff was without fault in causing the aforementioned incident.

**WHEREFORE**, the Plaintiff prays:

1. That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 15 day of November, 2016.

**HAUG LAW GROUP, LLC**

Colin A. Barron
Georgia Bar No.: 812816
Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: Colin@HaugLawGroup.com

STATE COURT OF
DEKALB COUNTY, GA.
12/13/2016 4:38:54 PM
E-FILED
BY: Assunta Wells

16A62525

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

No. _____

Date Summons Issued and Filed 12/15/2016

**SUMMONS**

**Assunta Wells**

Deputy Clerk

Deposit Paid $ _____

_Doreen Neal_

_8237 Dunwoody Pl., Atlanta, GA 30350_
(Plaintiff's name and address)

[ ]   **ANSWER**

vs.

[ ]   **JURY**

_Thor Equities, LLC, C/O United Corp. Services_
_4224 1st Ave., Suite 10_
_Tucker, GA 30084_
(Defendant's name and address)

TO THE ABOVE-NAMED DEFENDANT: _Thor Equities, LLC_

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

_Colin A. Barron, Esq._
(Name)
_8237 Dunwoody Pl., Atlanta, GA 30350_
(Address)
_470-258-1322_                    _812816_
(Phone Number)                (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____        _____
Defendant's Attorney                                          Third Party Attorney

_____        _____
Address                                                               Address

_____        _____
Phone No.          Georgia Bar No.                      Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☒ Personal Injury            Principal          $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note              ☐ Legal Malpractice          Interest            $ _____
☐ Trover            ☐ Product Liability
                         ☐ Other                          Atty Fees          $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

No. ___16A62525___

Date Summons 12/15/2016 and Filed

___Assunta Wells___
Deputy Clerk

Deposit Paid $ _____

[ ]   ANSWER

[ ]   JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

___Doreen Neal___
___4237 Dunwoody Pl., Atlanta, GA 30350___
(Plaintiff's name and address)

vs.

___Urban Retail properties, LLC___
___c/o Corporation Service Company___
___40 Technology Parkway, #300, Norcross,___
(Defendant's name and address) GA 30092

TO THE ABOVE-NAMED DEFENDANT: ___Urban Retail Properties, LLC___

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

___Colin A. Barron, Esq.___
(Name)
___4237 Dunwoody Pl, Atlanta, GA 30350___
(Address)
___470-258-1322___                    ___612816___
(Phone Number)                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____
Defendant's Attorney

_____

_____
Address

_____
Phone No.          Georgia Bar No.

_____
Third Party Attorney

_____

_____
Address

_____
Phone No.          Georgia Bar No.

**TYPE OF SUIT**

□ Account        ☒ Personal Injury
□ Contract       □ Medical Malpractice
□ Note           □ Legal Malpractice
□ Trover         □ Product Liability
                 □ Other

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

□ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons-v1-2008.doc
**STATE COURT OF
DEKALB COUNTY, GA.
12/13/2016 4:38:54 PM
E-FILED
BY: Assunta Wells**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DOREEN NEAL,                              )
                                         )
        Plaintiff,                        )
                                         )
v.                                        )        CIVIL ACTION
                                         )        FILE NO:   16A62525
THOR EQUITIES, LLC, URBAN                 )
RETAIL PROPERTIES, LLC,                   )
JOHN DOE, JANE DOE, ABC CO.,              )
and XYZ, CO.,                             )
                                         )
        Defendants.                       )
_____          )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT THOR EQUITIES, LLC

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff hereby requests that each named Defendant respond separately in writing and under oath, to the following interrogatories within the time allowed by law to respond to these interrogatories, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Haug Law Group, 8237 Dunwoody Place, Atlanta, Georgia 30350.

### DEFINITIONS AND INSTRUCTIONS

A.      These interrogatories, requests for production, and requests for admission shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

B.      The following definitions shall apply to this request.

1.      "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

3. "Incident" means the injury/ies to Plaintiff that occurred when Plaintiff tripped and fell on or about July 13, 2015.

4. "Premises" means the mall Defendant owns/operates located at 2801 Candler Road, Decatur, Georgia 30034.

C. Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your

possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D.      If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.  If your response is qualified in any particular, please set forth the details of such qualifications.

E.      In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## INTERROGATORIES

1.

Please identify the person or persons responding to these interrogatories by giving your full name, residence, business address and occupation, and, if Defendant is a corporation, the office you hold with defendant.

2.

Prior to answering these Interrogatories, have you made a diligent search of all books, records, and papers of Defendant, and a diligent inquiry of all agents, other parties, and employees, if any, of Defendant, with a view to obtaining all information available pertaining to this action?

3.

Please state the full legal name of each person or persons, irrespective of their official position or title, who was the owner or owners of the subject premises on the date of the incident which is the basis of this litigation.   As to each person identified in your answer to this interrogatory, please identify each person as an individual, corporation, partnership, sole proprietorship, or other.

4.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the premises which is the basis of this litigation, please identify the regular occupant of the premises on the date of the incident in question.

5.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the subject premises, please identify the instrument under which the regular occupant derived his/her possessory rights (whether by lease, license, rental agreement etc.).  Also,

state whether such lease, license, rental agreement etc. was in written form.

6.

If said lease, license, rental agreement etc., was written, please state the lease, license, or rental period covered by said agreement.

7.

Please identify each person or persons responsible for the maintenance of the subject premises as of the date of the incident which is the basis of this litigation.

8.

Please state the date that the subject premises where this incident occurred was originally constructed.

9.

Please describe area where the incident took place located on the premises.

10.

Please identify the person/company who cleans or maintains said area where the incident took place that is the basis of this litigation.

11.

Please describe the physical condition of the area where the incident took place on the premises on the last occasion that it was inspected before the incident.

12.

Please describe the physical condition of the subject area where the incident took place on the premises on the first occasion that it/they were inspected following the incident which is the basis of this litigation.

13.

Please state whether you had any knowledge that any condition existed at the subject premises which could cause the incident.

14.

If your answer to Interrogatory No. 13 was yes, please set forth whether any remedial or corrective action was taken upon the acquisition of that knowledge and the date thereof.

15.

Please state whether you or anyone to your knowledge made any repair or correction to the area where the incident took place located on the premises which is the subject of this litigation.

16.

If your answer to Interrogatory No. 15 was yes, please set forth the nature of the repair or correction and the date thereof.

17.

If your answer to Interrogatory No. 15 was yes, please identify each person who participated in the repair or correction.

18.

Please identify each writing (repair invoice etc.) relating to the repair or correction identified in your response to Interrogatory No. 15 to include the present custodian of each writing identified in your answer.

19.

Please state whether you or anyone on your behalf regularly inspected the premises and area of occurrence prior to the incident which is the basis of this litigation?  If not, please explain

in detail why no such inspection/s was conducted.

20.

If your answer to Interrogatory No. 19 was yes, please set forth a general description of what said inspection included.  Also, please state the full name of the person or persons who conducted said inspection/s.

21.

Please state whether you transmitted any warning to the Plaintiff in regard to Plaintiff's use subject premises prior to the incident which is the basis of this litigation and if so, was said warning in writing?

22.

Do you deny that at the time of the subject incident the area of occurrence which injured the Plaintiff on the premises which is the basis of this litigation was in good repair and free of any foreign liquid on the date of the incident?

23.

Do you contend for any reason that you as an owner/occupier may waive or avoid any of the rights, or duties relating to the liability of an owner/occupier for failure to maintain said premises that are the basis of this litigation.  If so, what do you contend is the basis for said waiver or avoidance?

24.

Do you deny that at the time of the subject incident Plaintiff was a member of the class of persons protected by the provisions relating to owner/occupier liability for failure to keep premises in repair?  If so, what is the basis for said denial?

25.

Please identify each expert expected to testify at trial on your behalf and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this Interrogatory.

26.

Do you claim that the occurrence in question was in any way caused by the Plaintiff? If so, state the details of what the plaintiff did to cause this incident.

27.

Please state whether you are insured under a policy of insurance for any liability resulting from the incident that is the basis of this litigation. If so, then with respect to each insurer, please provide the following:

(a)     Each insurer's name and address including any and all umbrella carriers;

(b)     Number of the insurance policy;

(c)     Name of the insured party or parties; and

(d)     The limit of liability with respect to each person (claimant) and with respect to each occurrence.

28.

Please state whether there exists any controversy between you and any of the insurers issuing any policy identified in your answer to Interrogatory No. 27 regarding whether the policy

affords coverage for the incident.  If so, please provide the following information:

   (a)   Identify the insurer who issued the policy;

   (b)   What is the number of the policy;

   (c)   Please set forth the factual basis for the controversy regarding coverage;

   (d)   Please identify each writing relating to the coverage controversy;

   (e)   Please state whether you have been informed by any person that insurance coverage relating to the incident has been denied;

   (f)   Please set forth each fact that constituted the basis for the denial of coverage;

   (g)   Please identify each writing relating to the denial of coverage; and

   (h)   Please identify the present custodian of each writing identified to in your answer to subsection (g) above.

29.

Do you, your attorney, insurance carrier or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the incident alleged in the complaint, the scene of the incident, or the person involved made either before, after or at the time of the incident in question?  If so, as to each such item, state:

   (a)   Its specific subject matter;

   (b)   The date it was made or taken;

   (c)   The name and last known address of the person making or taking it: and

   (d)   The name and address of the person having custody of this item.

30.

Please provide the full name and addresses of all persons whom you have rented or leased

the premises to since you became the owner or owners of said premises.

31.

Please provide the name of any and all insurance carriers and policy numbers who provided liability coverage for the said premises since you became the owner or owners of the premises.

32.

Please state whether during the period described in response to Interrogatory Nos. 31 and 36, whether you as owner or owners of said premises gave notice written or otherwise to your existing liability carriers that said premises (apartment) was being rented or leased to the party or parties identified in response to Interrogatory No. 31.  If so, tell how (written or otherwise) and when such notice was given to said liability carrier.

## REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

All statement(s) a party has given to some person and/or entity including his liability insurance carrier but not statements made to his or her attorney.

2.

All statement(s) of any witness or other participant(s) who has, or may have, claimed knowledge of the incident and/or the damages resulting from it.

3.

All photographs, slides, motion pictures, diagrams, maps, schematics, graphs, models, and other illustrative representations pertaining to the instrumentalities and/or physical objects involved, and the scene of the incident.

4.

All reports made as a result of any inspection, examination, or investigation by Defendant or by any person acting on behalf of Defendant as a result of the incident.

5.

A true and accurate copy of all liability insurance policies which may cover the incident or any matters alleged in Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this incident.

7.

Notes, worksheets, test data and reports, correspondence, memorandums, opinions, and conclusions of all expert witnesses who will testify at trial on behalf of Defendant/s.

8.

All documents identified or referred to in Defendant's answers to Plaintiff's Interrogatories.

9.

All communications and complaints made to Defendant with regard to the subject premises, regarding repairs, or requested repairs by all previous lessees including Plaintiff, and any response made by Defendant/s pertaining to said request during the period of January 1, 2006 to the present.

10.

All documentation related to safety inspections of the subject premises conducted by Defendant and/or its agents prior to the date of the incident.

11.

All documents evidencing, reflecting, or relating to any contract for lease, rental etc., between this Defendant/s and any person or persons who leased or rented said premises during the period that Defendant/s owned said premises.

12.

Copies of any documents regarding claims or lawsuits brought against this Defendant which alleges injuries and damages sustained by any person/s on said premises during the period of January 1, 2006 to the present.

13.

Complete copies of all liability insurance applications prepared by Defendant/s and submitted to all liability carriers for Defendant covering the premises which is the basis of this lawsuit covering the period of January 1, 2006 to the present.

14.

Copies of all policies and procedures, manuals, or rules and regulations for operation of the premises.

15.

Copies of all written complaints or criticisms received by Defendant/s concerning repair or maintenance problems of any type on the premises from January 1, 2006 to present.

16.

Copies of any documents regarding any repairs that were made or needed to be made on the premises during the period January 1, 2006 to the present

17.

Copies of any invoices reflecting cost for repairs conducted on the premises during the

period January 1, 2006 through to the present.

18.

Any diagrams, blueprints or architectural plans of the premises.

19.

Copies of any work order or other document reflecting the purchase, repair or installation of the entrance/walkway which is the cause of this action.

20.

Copies of any written notice or notices listing the name and names of all tenants of Defendant/s and provided by Defendant to any and all liability insurers who insured said premises during the period of January 1, 2006 to the present.

### REQUESTS FOR ADMISSION

1.

You have been properly identified in the Complaint.

2.

You were properly served with the Summons and Complaint for this matter.

3.

DeKalb County is the proper venue for this matter.

4.

This Court has jurisdiction over you.

5.

On July 13, 2015, you operated the mall known as "The Gallery at South DeKalb" located at 2801 Candler Road, Decatur, Georgia 30034.

6.

At the time of the incident involving Plaintiff, you owed Plaintiff a duty to keep the premises in repair and safe for invitees, such as Plaintiff

7.

At the time of the incident, you breached the duty of care you owed to the Plaintiff.

8.

As a result of the incident Plaintiff was injured.

9.

Plaintiff was not negligent in any way related to the incident.

10.

At the time of the incident, Plaintiff exercised due care for her own safety.

11.

Plaintiff incurred medical expenses as a result of the incident leading to this lawsuit.

12.

Plaintiff's treatment following the incident was reasonable.

This __15__ day of November, 2016.

HAUG LAW GROUP, LLC

Colin A. Barron
Georgia Bar No.: 812816
Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: Colin@HaugLawGroup.com

STATE COURT OF
DEKALB COUNTY, GA.
12/13/2016 4:38:54 PM
E-FILED
BY: Assunta Wells

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

DOREEN NEAL,             )
                               )
      Plaintiff,        )
                               )
v.                        )     CIVIL ACTION
                               )     FILE NO: 16A62525
THOR EQUITIES, LLC, URBAN   )
RETAIL PROPERTIES, LLC,     )
JOHN DOE, JANE DOE, ABC CO., )
and XYZ, CO.,             )
                               )
      Defendants.     )
                               )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT URBAN RETAIL PROPERTIES, LLC

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff hereby requests that each named Defendant respond separately in writing and under oath, to the following interrogatories within the time allowed by law to respond to these interrogatories, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Haug Law Group, 8237 Dunwoody Place, Atlanta, Georgia 30350.

### DEFINITIONS AND INSTRUCTIONS

A.    These interrogatories, requests for production, and requests for admission shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

B.    The following definitions shall apply to this request.

1.    "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

3.      "Incident" means the injury/ies to Plaintiff that occurred when Plaintiff tripped and fell on or about July 13, 2015.

4.      "Premises" means the mall Defendant owns/operates located at 2801 Candler Road, Decatur, Georgia 30034.

C.      Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your

possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D.     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.  If your response is qualified in any particular, please set forth the details of such qualifications.

E.     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## INTERROGATORIES

1.

Please identify the person or persons responding to these interrogatories by giving your full name, residence, business address and occupation, and, if Defendant is a corporation, the office you hold with defendant.

2.

Prior to answering these Interrogatories, have you made a diligent search of all books, records, and papers of Defendant, and a diligent inquiry of all agents, other parties, and employees, if any, of Defendant, with a view to obtaining all information available pertaining to this action?

3.

Please state the full legal name of each person or persons, irrespective of their official position or title, who was the owner or owners of the subject premises on the date of the incident which is the basis of this litigation.   As to each person identified in your answer to this interrogatory, please identify each person as an individual, corporation, partnership, sole proprietorship, or other.

4.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the premises which is the basis of this litigation, please identify the regular occupant of the premises on the date of the incident in question.

5.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the subject premises, please identify the instrument under which the regular occupant derived his/her possessory rights (whether by lease, license, rental agreement etc.).   Also,

state whether such lease, license, rental agreement etc. was in written form.

6.

If said lease, license, rental agreement etc., was written, please state the lease, license, or rental period covered by said agreement.

7.

Please identify each person or persons responsible for the maintenance of the subject premises as of the date of the incident which is the basis of this litigation.

8.

Please state the date that the subject premises where this incident occurred was originally constructed.

9.

Please describe area where the incident took place located on the premises.

10.

Please identify the person/company who cleans or maintains said area where the incident took place that is the basis of this litigation.

11.

Please describe the physical condition of the area where the incident took place on the premises on the last occasion that it was inspected before the incident.

12.

Please describe the physical condition of the subject area where the incident took place on the premises on the first occasion that it/they were inspected following the incident which is the basis of this litigation.

13.

Please state whether you had any knowledge that any condition existed at the subject premises which could cause the incident.

14.

If your answer to Interrogatory No. 13 was yes, please set forth whether any remedial or corrective action was taken upon the acquisition of that knowledge and the date thereof.

15.

Please state whether you or anyone to your knowledge made any repair or correction to the area where the incident took place located on the premises which is the subject of this litigation.

16.

If your answer to Interrogatory No. 15 was yes, please set forth the nature of the repair or correction and the date thereof.

17.

If your answer to Interrogatory No. 15 was yes, please identify each person who participated in the repair or correction.

18.

Please identify each writing (repair invoice etc.) relating to the repair or correction identified in your response to Interrogatory No. 15 to include the present custodian of each writing identified in your answer.

19.

Please state whether you or anyone on your behalf regularly inspected the premises and area of occurrence prior to the incident which is the basis of this litigation? If not, please explain

in detail why no such inspection/s was conducted.

20.

If your answer to Interrogatory No. 19 was yes, please set forth a general description of what said inspection included. Also, please state the full name of the person or persons who conducted said inspection/s.

21.

Please state whether you transmitted any warning to the Plaintiff in regard to Plaintiff's use subject premises prior to the incident which is the basis of this litigation and if so, was said warning in writing?

22.

Do you deny that at the time of the subject incident the area of occurrence which injured the Plaintiff on the premises which is the basis of this litigation was in good repair and free of any foreign liquid on the date of the incident?

23.

Do you contend for any reason that you as an owner/occupier may waive or avoid any of the rights, or duties relating to the liability of an owner/occupier for failure to maintain said premises that are the basis of this litigation. If so, what do you contend is the basis for said waiver or avoidance?

24.

Do you deny that at the time of the subject incident Plaintiff was a member of the class of persons protected by the provisions relating to owner/occupier liability for failure to keep premises in repair? If so, what is the basis for said denial?

25.

Please identify each expert expected to testify at trial on your behalf and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.  See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I).  Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts.  The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this Interrogatory.

26.

Do you claim that the occurrence in question was in any way caused by the Plaintiff?  If so, state the details of what the plaintiff did to cause this incident.

27.

Please state whether you are insured under a policy of insurance for any liability resulting from the incident that is the basis of this litigation.  If so, then with respect to each insurer, please provide the following:

(a)     Each insurer's name and address including any and all umbrella carriers;

(b)     Number of the insurance policy;

(c)     Name of the insured party or parties; and

(d)     The limit of liability with respect to each person (claimant) and with respect to each occurrence.

28.

Please state whether there exists any controversy between you and any of the insurers issuing any policy identified in your answer to Interrogatory No. 27 regarding whether the policy

affords coverage for the incident.  If so, please provide the following information:

    (a)       Identify the insurer who issued the policy;

    (b)       What is the number of the policy;

    (c)       Please set forth the factual basis for the controversy regarding coverage;

    (d)       Please identify each writing relating to the coverage controversy;

    (e)       Please state whether you have been informed by any person that insurance coverage relating to the incident has been denied;

    (f)       Please set forth each fact that constituted the basis for the denial of coverage;

    (g)       Please identify each writing relating to the denial of coverage; and

    (h)       Please identify the present custodian of each writing identified to in your answer to subsection (g) above.

29.

Do you, your attorney, insurance carrier or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the incident alleged in the complaint, the scene of the incident, or the person involved made either before, after or at the time of the incident in question?  If so, as to each such item, state:

    (a)       Its specific subject matter;

    (b)       The date it was made or taken;

    (c)       The name and last known address of the person making or taking it: and

    (d)       The name and address of the person having custody of this item.

30.

Please provide the full name and addresses of all persons whom you have rented or leased

the premises to since you became the owner or owners of said premises.

31.

Please provide the name of any and all insurance carriers and policy numbers who provided liability coverage for the said premises since you became the owner or owners of the premises.

32.

Please state whether during the period described in response to Interrogatory Nos. 31 and 36, whether you as owner or owners of said premises gave notice written or otherwise to your existing liability carriers that said premises (apartment) was being rented or leased to the party or parties identified in response to Interrogatory No. 31.  If so, tell how (written or otherwise) and when such notice was given to said liability carrier.

## REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

All statement(s) a party has given to some person and/or entity including his liability insurance carrier but not statements made to his or her attorney.

2.

All statement(s) of any witness or other participant(s) who has, or may have, claimed knowledge of the incident and/or the damages resulting from it.

3.

All photographs, slides, motion pictures, diagrams, maps, schematics, graphs, models, and other illustrative representations pertaining to the instrumentalities and/or physical objects involved, and the scene of the incident.

4.

All reports made as a result of any inspection, examination, or investigation by Defendant or by any person acting on behalf of Defendant as a result of the incident.

5.

A true and accurate copy of all liability insurance policies which may cover the incident or any matters alleged in Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this incident.

7.

Notes, worksheets, test data and reports, correspondence, memorandums, opinions, and conclusions of all expert witnesses who will testify at trial on behalf of Defendant/s.

8.

All documents identified or referred to in Defendant's answers to Plaintiff's Interrogatories.

9.

All communications and complaints made to Defendant with regard to the subject premises, regarding repairs, or requested repairs by all previous lessees including Plaintiff, and any response made by Defendant/s pertaining to said request during the period of January 1, 2006 to the present.

10.

All documentation related to safety inspections of the subject premises conducted by Defendant and/or its agents prior to the date of the incident.

11.

All documents evidencing, reflecting, or relating to any contract for lease, rental etc., between this Defendant/s and any person or persons who leased or rented said premises during the period that Defendant/s owned said premises.

12.

Copies of any documents regarding claims or lawsuits brought against this Defendant which alleges injuries and damages sustained by any person/s on said premises during the period of January 1, 2006 to the present.

13.

Complete copies of all liability insurance applications prepared by Defendant/s and submitted to all liability carriers for Defendant covering the premises which is the basis of this lawsuit covering the period of January 1, 2006 to the present.

14.

Copies of all policies and procedures, manuals, or rules and regulations for operation of the premises.

15.

Copies of all written complaints or criticisms received by Defendant/s concerning repair or maintenance problems of any type on the premises from January 1, 2006 to present.

16.

Copies of any documents regarding any repairs that were made or needed to be made on the premises during the period January 1, 2006 to the present

17.

Copies of any invoices reflecting cost for repairs conducted on the premises during the

period January 1, 2006 through to the present.

18.

Any diagrams, blueprints or architectural plans of the premises.

19.

Copies of any work order or other document reflecting the purchase, repair or installation of the entrance/walkway which is the cause of this action.

20.

Copies of any written notice or notices listing the name and names of all tenants of Defendant/s and provided by Defendant to any and all liability insurers who insured said premises during the period of January 1, 2006 to the present.

## REQUESTS FOR ADMISSION

1.

You have been properly identified in the Complaint.

2.

You were properly served with the Summons and Complaint for this matter.

3.

DeKalb County is the proper venue for this matter.

4.

This Court has jurisdiction over you.

5.

On July 13, 2015, you operated the mall known as "The Gallery at South DeKalb" located at 2801 Candler Road, Decatur, Georgia 30034.

6.

At the time of the incident involving Plaintiff, you owed Plaintiff a duty to keep the premises in repair and safe for invitees, such as Plaintiff

7.

At the time of the incident, you breached the duty of care you owed to the Plaintiff.

8.

As a result of the incident Plaintiff was injured.

9.

Plaintiff was not negligent in any way related to the incident.

10.

At the time of the incident, Plaintiff exercised due care for her own safety.

11.

Plaintiff incurred medical expenses as a result of the incident leading to this lawsuit.

12.

Plaintiff's treatment following the incident was reasonable.

This __15__ day of November, 2016.

**HAUG LAW GROUP, LLC**

Colin A. Barron
Georgia Bar No.: 812816
Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: Colin@HaugLawGroup.com

STATE COURT OF
DEKALB COUNTY, GA.
12/13/2016 4:38:54 PM
E-FILED
BY: Assunta Wells

Efile (5)

Civil Action No. 16A63525

Date Filed 12/13/2016

Magistrate Court ☐
Superior Court ☐
State Court ☒
Georgia, ~~Gwinnett County~~ DeKalb County

Doreen Neal

Attorney's Address
Hang Law Group
8237 Dunwoody Place
Atlanta, GA 30350

RECEIVED

JAN 25 2017

DeKALB MARSHALL
OFFICE

Name and Address of party to be served.

Thor Equities, LLC c/o United Corp. Services
4228 1st Ave. Suite 10
Tucker, GA 30084

**Plaintiff**

VS.

Thor Equities, LLC and
Urban Retail Properties, LLC

**Defendant**

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☐
Served the defendant _____ Thor   Equities _____ a corporation
by leaving a copy of the within action and summons with _____ Sody   Moore _____
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 27 day of JANUARY 20 17.

17SCIV141825          1307

P. ClRuiz          #64
**Deputy**
STATE COURT
DEKALB COUNTY, GA

2017 JAN 30 PM 4:59

Gwinnett County, Georgia

Sheriff Docket _____ Page _____

FILED
BY: DEPUTY CLERK

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13

**STATE COURT OF
DEKALB COUNTY, GA.
1/31/2017 9:53:43 AM
E-FILED
BY: Monique Roberts**

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| DOREEN NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 16A62525 |
| THOR EQUITIES, LLC, URBAN RETAIL | ) | |
| PROPERTIES, LLC, JOHN DOE, JANE DOE, | ) | |
| ABC CO., and XYZ, CO., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT URBAN RETAIL PROPERTIES, LLC
## TO PLAINTIFF'S COMPLAINT

COMES NOW Urban Retail Properties, LLC, a named Defendant in the above-styled action (hereinafter "Defendant"), and files its Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted against Defendant.

### SECOND DEFENSE

No acts or omissions on the part of Defendant caused or contributed to any damage or claim asserted by Plaintiff; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

Negligence chargeable to the Plaintiff was equal to or greater than any negligence chargeable to this Defendant, which negligence is specifically denied, and on account thereof, Plaintiff is barred from any recovery against this Defendant whatsoever.

### FOURTH DEFENSE

Venue is improper as to Defendant.

### FIFTH DEFENSE

This Court lacks personal jurisdiction over Defendant.

### SIXTH DEFENSE

By the exercise of ordinary care, Plaintiff could have avoided the incident complained of, and on account thereof, Plaintiff is barred from any recovery against this Defendant whatsoever.

### SEVENTH DEFENSE

Without waiving the above-enumerated defenses, Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Plaintiff's allegations in Paragraph 1 of Plaintiff's Complaint do not require a response. Accordingly, Defendant denies the allegations in Paragraph 1 of Plaintiff's Complaint as stated.

### ALLEGED PARTIES, JURISDICTION AND VENUE

Defendant incorporates by reference its answers and defenses to Paragraphs 1 of Plaintiff's Complaint above as though fully set forth herein.

2.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint. Accordingly, they stand denied.

3.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint. Accordingly, they stand denied.

4.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint. Accordingly, they stand denied.

5.

For response to the allegations in Paragraph 5 of Plaintiff's Complaint, Defendant states it is subject to jurisdiction in this Court. Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint as stated.

6.

For response to the allegations in Paragraph 6 of Plaintiff's Complaint, Defendant admits its registered agent, Corporation Service Company, is located in Gwinnett County, Georgia, and that it may be served at 40 Technology Parkway South, No. 300, Norcross, Georgia 30092. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

**FACTS ALLEGED TO BE APPLICABLE TO ALL CLAIMS**

Defendant incorporates by reference its answers and defenses to Paragraphs 1 through 6 of Plaintiff's Complaint above as though fully set forth herein.

7.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint. Accordingly, they stand denied.

8.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint. Accordingly, they stand denied.

9.

Defendant is without information or knowledge sufficient to form a belief as to the truth

of the allegations in Paragraph 9 of Plaintiff's Complaint. Accordingly, they stand denied.

10.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint. Accordingly, they stand denied.

### COUNT I – ALLEGED NEGLIGENCE – DEFENDANT THOR EQUITIES, LLC

Defendant incorporates by reference its answers and defenses to Paragraphs 1 through 10 of Plaintiff's Complaint above as though fully set forth herein.

11.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint. Accordingly, they stand denied.

12.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint. Accordingly, they stand denied.

13.

Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint. Accordingly, they stand denied.

17.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint. Accordingly, they stand denied.

## COUNT II – ALLEGED NEGLIGENCE – DEFENDANT URBAN RETAIL PROPERTIES, LLC

Defendant incorporates by reference its answers and defenses to Paragraphs 1 through 17 of Plaintiff's Complaint above as though fully set forth herein.

18.

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Complaint. Accordingly, they stand denied.

Responding to the unnumbered INTRODUCTION Paragraph, Defendant denies the allegations in the unnumbered INTRODUCTION Paragraph as stated.

-5-

Responding to the unnumbered WHEREFORE Paragraph, Defendant denies the allegations in the unnumbered WHEREFORE Paragraph, including subparagraphs (1) through (4).

## EIGHTH DEFENSE

Any allegation in Plaintiff's Complaint not specifically responded to above is hereby denied.

WHEREFORE, Defendant Urban Retail Properties, LLC denies Plaintiff is entitled to recover from it in any sum or any manner whatsoever and respectfully requests judgment dismissing Plaintiff's Complaint with prejudice and awarding to Defendant Urban Retail Properties, LLC the costs of this action and reasonable attorney's fees as may be allowed by law, along with such other and further relief as this court deems just and proper.

This  22nd  day of February, 2017.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By:     /s/ *Daniel J. Kingsley*
        C. Bradford Marsh
        Georgia Bar No. 471280
        Daniel J. Kingsley
        Georgia Bar No. 541547
        Attorneys for Defendant Urban Retail
        Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
2/22/2017 3:49:31 PM
E-FILED
BY: Monique Roberts

-6-

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing **ANSWER OF DEFENDANT URBAN RETAIL PROPERTIES, LLC TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

> Colon A. Barron, Esq.
> 8237 Dunwoody Place
> Atlanta, Georgia 30350

This __22nd__ day of February, 2017.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     _/s/ **Daniel J. Kingsley**_
C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

3372471v.1

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOREEN NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. 16A62525 |
| THOR EQUITIES, LLC, URBAN RETAIL | ) |
| PROPERTIES, LLC, JOHN DOE, JANE DOE, | ) |
| ABC CO., and XYZ, CO., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

### DEFENDANT URBAN RETAIL PROPERTIES, LLC'S
### DEMAND FOR A TRIAL BY JURY OF TWELVE PERSONS

COMES NOW URBAN RETAIL PROPERTIES, LLC, a named Defendant in the above-styled action, and demands a trial of this action by a jury of 12 persons as to all issues properly triable by a jury.

This 22<u>nd</u> day of February, 2017.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By:     <u>/s/ *Daniel J. Kingsley*</u>
C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
2/22/2017 3:52:15 PM
E-FILED
BY: Monique Roberts

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing **DEFENDANT URBAN RETAIL PROPERTIES, LLC'S DEMAND FOR A TRIAL BY JURY OF TWELVE PERSONS** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

> Colon A. Barron, Esq.
> 8237 Dunwoody Place
> Atlanta, Georgia 30350

This  22nd  day of February, 2017.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     */s/ Daniel J. Kingsley*
C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

-2-

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOREEN NEAL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| | ) | NO. 16A62525 |
| v. | ) | |
| | ) | |
| THOR EQUITIES, LLC, URBAN | ) | |
| RETAIL PROPERTIES, LLC, | ) | |
| JOHN DOE, JANE DOE, ABC CO., | ) | |
| XYZ, CO., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION FOR THE EXTENSION OF TIME FOR DEFENDANT THOR EQUITIES, LLC TO FILE ANSWER AND AFFIRMATIVE DEFENSES

The Plaintiff and Defendant Thor Equities, LLC ("Thor") by and through their undersigned

counsel, hereby agree that Defendant Thor shall have up to and through March 13, 2017, to file an

answer or otherwise respond to Plaintiff's Complaint.

This 24th day of February, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

/s/ Zachary J. Nelson
R. Scott Masterson
Georgia Bar No. 476356
Zachary J. Nelson
Georgia Bar No. 425915

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404.348.8585 (Telephone)
404.467.8845 (Facsimile)
Scott.Masterson@lewisbrisbois.com
Zach.Nelson@lewisbrisbois.com

*Counsel for Defendant Thor Equities, LLC*

STATE COURT OF
DEKALB COUNTY, GA.
2/24/2017 3:19:17 PM
E-FILED
BY: Monique Roberts

4834-4749-5227.1                                1

Consented to by:

                       **HAUG LAW GROUP, LLC**

                       */s/ Colin A. Barron*
                       Colin A. Barron *(Signed with express permission by Zachary J. Nelson)*
                       Georgia Bar No. 812816

8237 Dunwoody Place             *Counsel for Plaintiff*
Atlanta, Georgia 30350
Colin@HaugLawGroup.com

4834-4749-5227.1                   

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **STIPULATION FOR THE EXTENSION OF TIME FOR DEFENDANT THOR EQUITIES, LLC TO FILE ANSWER AND AFFIRMATIVE DEFENSES** has this date been served by electronically filing the same with the Clerk of Court through the Efile filing system, which will automatically send notification to all counsel of record, as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

*Counsel for Plaintiff*

This 24th day of February, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Zachary J. Nelson*
Zachary J. Nelson
Georgia Bar No. 425915

1180 Peachtree Street, N.E.          *Counsel for Defendant Thor Equities, LLC*
Suite 2900
Atlanta, Georgia 30309
404.348.8585 (Telephone)
404.467.8845 (Facsimile)
zach.nelson@lewisbrisbois.com

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| DOREEN NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO:  16A62525 |
| THOR EQUITIES, LLC, URBAN | ) | |
| RETAIL PROPERTIES, LLC, | ) | |
| JOHN DOE, JANE DOE, ABC CO., | ) | |
| and XYZ, CO., | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED COMPLAINT

COMES NOW, DOREEN NEAL (Plaintiff), by and through the undersigned counsel and hereby files this Amended Complaint against THOR EQUITIES, LLC, and URBAN RETAIL PROPERTIES, LLC, (Defendants) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff Doreen Neal is an individual and resident of DeKalb County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant Thor Equities, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

4.

Venue is proper in this Court as to Defendant Thor Equities, LLC, because its registered agent, United Corporate Services, Inc., is located in DeKalb County, Georgia, and may be served with a copy of this Complaint in DeKalb County, Georgia at 4228 1st Avenue, Suite 10, Tucker, Georgia 30084.

5.

Jurisdiction is proper as to Defendant Urban Retail Properties, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

6.

Venue is proper in this Court as to Defendant Urban Retail Properties, LLC, because pursuant to Art. 6 § 2, Par. 4 of the Georgia Constitution, where multiple defendants are sued as joint tort-feasors, proper venue is the county where any one of the alleged tort-feasors resides or may be properly served. Defendant's registered agent, Corporation Service Company, is located in Gwinnett County, Georgia, and, may be served with a copy of this Complaint at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

### 7.

On or about March 12, 2015, the date of her injuries, Plaintiff Neal was an invitee of Defendant in accordance with the provisions of O.C.G.A. § 51-3-1, et seq., at The Gallery at South DeKalb, located at 2801 Candler Road, Decatur, Georgia 30034 (hereinafter "the premises").

### 8.

Plaintiff Neal, while a lawful invitee on the premises, was proceeding through the mall.

### 9.

As Plaintiff was proceeding through the mall, she slipped and fell in a puddle of water, which was accumulating as the direct result of a leaking ceiling controlled by Defendants.

### 10.

As a result of the fall, Plaintiff sustained significant bodily injuries.

## COUNT I – NEGLIGENCE – DEFENDANT THOR EQUITIES, LLC

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

### 11.

Defendant Thor Equities, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

### 12.

Defendant Thor Equities, LLC, was negligent in failing to keep the premises safe and in

repair, as required by law.  As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

13.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

14.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

15.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

16.

Defendant Thor Equities, LLC, had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

17.

Plaintiff was without fault in causing the aforementioned incident.

### COUNT II – NEGLIGENCE – DEFENDANT URBAN RETAIL PROPERTIES, LLC

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

18.

Defendant Urban Retail Properties, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

19.

Defendant Urban Retail Properties, LLC, was negligent in failing to keep the premises safe and in repair, as required by law.  As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

21.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

22.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

23.

Defendant Urban Retail Properties, LLC, had actual or constructive knowledge of the

condition or conditions on the premises which led to the Plaintiff's injuries.

24.

Plaintiff was without fault in causing the aforementioned incident.

**WHEREFORE**, the Plaintiff prays:

1.   That Defendants be served with summons, process and a copy of this Complaint
     as provided by law;

2.   That Plaintiff obtain judgment against the Defendants for general and special damages as
     determined at trial as well as costs of litigation and expenses;

3.   That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4.   For such other and further relief as this Court deems just and equitable under all
     circumstances alleged and contained herein.

This 24 day of February, 2017.

                              **HAUG LAW GROUP, LLC**


                              Colin A. Barron
                              Georgia Bar No.: 812816
                              Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: Colin@HaugLawGroup.com

                              STATE COURT OF
                              DEKALB COUNTY, GA.
                              2/24/2017 3:23:17 PM
                              E-FILED
                              BY: Monique Roberts

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )        CIVIL ACTION
                                      )        FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL      )
PROPERTIES, LLC, JOHN DOE, JANE DOE,  )
ABC CO., and XYZ, CO.,                )
                                      )
          Defendants.                 )

### STIPULATION GRANTING EXTENSION FOR DEFENDANT URBAN RETAIL PROPERTIES, LLC TO RESPOND TO PLAINTIFF'S WRITTEN DISCOVERY

COME NOW PLAINTIFF DOREEN NEAL AND DEFENDANT URBAN RETAIL PROPERTIES, LLC ("Urban Retail") in the above-styled action, and stipulate and consent that Urban Retail will have an extension of time through March 24, 2017 to serve its responses to Plaintiff's First Continuing Interrogatories, Requests for Production, and Requests for Admissions.

This 8th day of March, 2017.

                              **HAUG LAW GROUP, LLC**

                    By:      /s/ Colin A. Barron
                             Colin A. Barron
                             (with express permission by Daniel J. Kingsley)
                             Georgia Bar No. 812816
                             Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, GA 30350
Phone: 470-258-1322
Fax: 678-528-2999
colin@hauglawgroup.com

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ *Daniel J. Kingsley*
        C. Bradford Marsh
        Georgia Bar No. 471280
        Daniel J. Kingsley
        Georgia Bar No. 541547
        Attorneys for Defendant Urban Retail
        Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing **STIPULATION GRANTING EXTENSION FOR DEFENDANT URBAN RETAIL PROPERTIES, LLC TO RESPOND TO PLAINTIFF'S WRITTEN DISCOVERY** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

Colin A. Barron, Esq.
8237 Dunwoody Place
Atlanta, Georgia 30350

This 8th day of March, 2017.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:      /s/ Daniel J. Kingsley
C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOREEN NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 16A62525 |
| v. | ) | |
| | ) | |
| THOR EQUITIES, LLC, URBAN | ) | |
| RETAIL PROPERTIES, LLC, | ) | |
| JOHN DOE, JANE DOE, ABC CO., and | ) | |
| XYZ CO., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT THOR EQUITIES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Thor Equities, LLC, Defendant in the above-styled civil action, and files this their Answer to Plaintiff's Complaint and shows the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

At all times relevant hereto, Defendant exercised reasonable care.

### THIRD DEFENSE

Defendant denies any negligence or other wrongdoing in this case.

### FOURTH DEFENSE

Defendant did not breach any duty, assuming such a duty existed, owed to the Plaintiff.

### FIFTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

### SIXTH DEFENSE

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2017 1:43:51 PM
E-FILED
BY: Monique Roberts

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to the Plaintiff.

### SEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for her own safety and assumed the risk of injury.

### EIGHTH DEFENSE

Plaintiff's negligence exceeded the negligence of any other party or non-party who may have caused or contributed to the incident which resulted in Plaintiff's alleged injury, thus Plaintiff is barred from recovery.

### NINTH DEFENSE

To the extent Plaintiff claims she is entitled to attorney's fees, costs, and expenses, such an attempt must fail as Plaintiff has failed to allege that Defendant have acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

### TENTH DEFENSE

In response to the numbered allegations contained in Plaintiff's Complaint, Defendant respond as follows:

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### PARTIES, JURISDICTION AND VENUE

2.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.  Consequently, Paragraph 2 is denied.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. Consequently, Paragraph 5 is denied.

6.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. Consequently, Paragraph 6 is denied.

## FACTS APPLICABLE TO ALL CLAIMS

Defendant re-alleges and incorporates by reference their responses to Paragraphs 1 through 6 of Plaintiff's Complaint as if fully set forth herein.

7.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint. Consequently, Paragraph 7 is denied.

8.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint. Consequently, Paragraph 8 is denied.

9.

Defendant denies that the alleged leaking ceiling was controlled by this Defendant. As to the remaining allegations, Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Consequently, Paragraph 9 is denied.

10.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.  Consequently, Paragraph 10 is denied.

## COUNT I – NEGLIGENCE-DEFENDANT THOR EQUITIES, LLC

Defendant re-alleges and incorporates by reference its response to Paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## COUNT II – NEGLIGENCE-DEFENDANT URBAN RETAIL PROPERTIES, LLC

Defendant re-alleges and incorporates by reference its response to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

18.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.  Consequently, Paragraph 18 is denied.

19.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.  Consequently, Paragraph 19 is denied.

20.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.  Consequently, Paragraph 20 is denied.

21.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.  Consequently, Paragraph 21 is denied.

22.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.  Consequently, Paragraph 22 is denied.

23.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.  Consequently, Paragraph 23 is denied.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**ELEVENTH DEFENSE**

Defendant denies each and every allegation contained in Plaintiff's Complaint to which no response has previously been made as well as each and every allegation, including subparagraphs

(1.) through (4.), contained in the WHEREFORE paragraph of Plaintiff's Complaint.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant demands

that it be discharged with costs taxed against the remaining parties, and for such other and further

relief as this Honorable Court deems just and proper.

This 13th day of March, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

/s/ Zachary J. Nelson
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY J. NELSON
Georgia Bar No. 425915
*Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2017 1:43:51 PM
E-FILED
BY: Monique Roberts

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all parties to this action by electronically filing the same with the Clerk of Court, which will automatically send notification to all counsel of record, as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 13th day of March, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Zachary J. Nelson*
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY NELSON
Georgia Bar No. 425915
*Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DOREEN NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: 16A62525 |
| v. | ) | |
| | ) | |
| THOR EQUITIES, LLC, URBAN | ) | |
| RETAIL PROPERTIES, LLC, | ) | |
| JOHN DOE, JANE DOE, ABC CO., and | ) | |
| XYZ CO., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of *DEFENDANT THOR EQUITIES, LLC'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS* upon counsel of record by placing the same in the U.S. Mail with adequate postage affixed thereto and addressed as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 13th day of March, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

/s/ Zachary J. Nelson
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY NELSON
Georgia Bar No. 425915
*Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)

STATE COURT OF
DEKALB COUNTY, GA.
3/13/2017 1:43:51 PM
E-FILED
BY: Monique Roberts

4813-3618-2597.1

scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all parties to this action by electronically filing the same with the Clerk of Court, which will automatically send notification to all counsel of record, as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 13th day of March, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Zachary J. Nelson*
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY NELSON
Georgia Bar No. 425915
*Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                              )
                                         )
             Plaintiff,                   )
                                         )
v.                                       )        CIVIL ACTION
                                         )        FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL         )
PROPERTIES, LLC, JOHN DOE, JANE DOE,     )
ABC CO., and XYZ, CO.,                    )
                                         )
             Defendants.                  )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Georgia Uniform Superior/State Court Rules, this is to certify that on this date, I served a true and correct copy of the following:

1.  **Defendant Urban Retail Properties, LLC's Objections and Responses to Plaintiff's First Continuing Interrogatories, Requests for Production of Documents, and Requests for Admissions**

upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel-of-record as follows:

Colon A. Barron, Esq.
8237 Dunwoody Place
Atlanta, Georgia 30350

Zachary J. Nelson, Esq.
R. Scott Masterson, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309

This __24th__ day of March, 2017.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By:      /s/ *Daniel J. Kingsley*
        C. Bradford Marsh
        Georgia Bar No. 471280
        Daniel J. Kingsley
        Georgia Bar No. 541547
        Attorneys for Defendant Urban Retail
        Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
3/24/2017 1:58:10 PM
E-FILED
BY: Jewel Hendrix

3401765v.1

**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

DOREEN NEAL,                                    )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )        CIVIL ACTION
                                                )        FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL                )
PROPERTIES, LLC, JOHN DOE, JANE DOE,            )
ABC CO., and XYZ, CO.,                          )
                                                )
            Defendants.                         )

**DEFENDANT URBAN RETAIL PROPERTIES, LLC'S OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES,
REQUESTS FOR PRODUCTION OF DOCUMENTS, AND
REQUESTS FOR ADMISSIONS**

COMES NOW URBAN RETAIL PROPERTIES, LLC, a named Defendant in the above-
styled civil action (hereinafter "Defendant"), and hereby responds to Plaintiff's First Continuing
Interrogatories, Requests for Production of Documents, and Requests for Admissions as follows:

**GENERAL OBJECTIONS TO INTERROGATORIES**

(a)     Defendant objects to each and every interrogatory to the extent that it would
require Defendant to respond by disclosing its attorney's or other of its representatives' mental
impressions, conclusions, opinions, computations, calculations, projections, reasons, legal
theories, other work product, or the like, on the grounds that said interrogatory exceeds the
permissible scope of discovery under the applicable rules of civil procedure.

(b)     Defendant objects to each and every interrogatory to the extent that it, whether
standing alone or in conjunction with any and all interrogatories, is calculated or would operate
to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Defendant or would be
unduly vexatious or unduly burdensome to respond to, or would require Defendant to engage in

investigative efforts burdensome to the point of oppression, on the grounds that said interrogatory exceeds the permissible scope of discovery under the applicable rules of civil procedure.

(c)     Defendant objects to each and every interrogatory to the extent that it would require Defendant to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and is not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that said interrogatory exceed the permissible scope of discovery under the applicable rules of civil procedure.

(d)     Defendant objects to each and every interrogatory to the extent that it would require Defendant to respond by waiving its attorney/client privilege, on the grounds that said interrogatory exceeds the permissible scope of discovery under the applicable rules of civil procedure.

(e)     Defendant objects to the caption or preface to the interrogatories to the extent that Defendant is requested to file responses which exceed the scope of discovery under the Georgia Civil Practice Act or within a period of time which is less than that allowed Defendant to respond to interrogatories under the applicable rules of civil procedure.  Defendant's responses herein are made in compliance with the Georgia Civil Practice Act, and not pursuant to the conditions sought to be imposed by the Plaintiffs in the caption or preface to the interrogatories.

## RESPONSES TO INTERROGATORIES

1.

Please identify the person or persons responding to these interrogatories by giving your full name, residence, business address and occupation, and, if Defendant is a corporation, the office you hold with defendant.

**RESPONSE**: **Joseph S. McCarthy, Chief Financial Officer, Urban Retail Properties, LLC, 111 East Wacker Drive, Suite 2400, Chicago, IL 60601, (312) 915-2000. Mr. McCarthy may only be contacted through undersigned defense counsel.**

2.

Prior to answering these Interrogatories, have you made a diligent search of all books, records, and papers of Defendant, and a diligent inquiry of all agents, other parties, and employees, if any, of Defendant, with a view to obtaining all information available pertaining to this action?

**RESPONSE**: **Defendant objects to this interrogatory to the extent it attempts to expand the obligations of Defendant under O.C.G.A. § 9-11-33. Subject to and without waiving this objection, Defendant states these responses to Plaintiff's interrogatories include the information that is currently available to Defendant.**

3.

Please state the full legal name of each person or persons, irrespective of their official position or title, who was the owner or owners of the subject premises on the date of the incident which is the basis of this litigation. As to each person identified in your answer to this interrogatory, please identify each person as an individual, corporation, partnership, sole proprietorship, or other.

**RESPONSE**: **Defendant does not possess information responsive to this interrogatory.**

4.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the premises which is the basis of this litigation, please identify the regular occupant of the premises on the date of the incident in question.

**RESPONSE**: **Defendant does not possess information responsive to this interrogatory.**

5.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the subject premises, please identify the instrument under which the regular occupant derived his/her possessory rights (whether by lease, license, rental agreement etc.). Also, state whether such lease, license, rental agreement etc. was in written form.

**RESPONSE**: **Defendant does not possess information responsive to this interrogatory.**

6.

If said lease, license, rental agreement etc., was written, please state the lease, license, or rental period covered by said agreement.

**RESPONSE**: **Defendant does not possess information responsive to this interrogatory.**

7.

Please identify each person or persons responsible for the maintenance of the subject premises as of the date of the incident which is the basis of this litigation.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

8.

Please state the date that the subject premises where this incident occurred was originally constructed.

**RESPONSE**: **Defendant does not possess information responsive to this interrogatory.**

9.

Please describe area where the incident took place located on the premises.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

10.

Please identify the person/company who cleans or maintains said area where the incident took place that is the basis of this litigation.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

11.

Please describe the physical condition of the area where the incident took place on the premises on the last occasion that it was inspected before the incident.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the**

date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.

12.

Please describe the physical condition of the subject area where the incident took place on the premises on the first occasion that it/they were inspected following the incident which is the basis of this litigation.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident.  Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.**

13.

Please state whether you had any knowledge that any condition existed at the subject premises which could cause the incident.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident.  Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.**

14.

If your answer to Interrogatory No. 13 was yes, please set forth whether any remedial or corrective action was taken upon the acquisition of that knowledge and the date thereof.

**RESPONSE**: **Not applicable.**

15.

Please state whether you or anyone to your knowledge made any repair or correction to the area where the incident took place located on the premises which is the subject of this litigation.

**RESPONSE: Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

16.

If your answer to Interrogatory No. 15 was yes, please set forth the nature of the repair or correction and the date thereof.

**RESPONSE: Not applicable.**

17.

If your answer to Interrogatory No. 15 was yes, please identify each person who participated in the repair or correction.

**RESPONSE: Not applicable.**

18.

Please identify each writing (repair invoice etc.) relating to the repair or correction identified in your response to Interrogatory No. 15 to include the present custodian of each writing identified in your answer.

**RESPONSE: Not applicable.**

19.

Please state whether you or anyone on your behalf regularly inspected the premises and area of occurrence prior to the incident which is the basis of this litigation?  If not, please explain in detail why no such inspection/s was conducted.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident.  Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.**

20.

If your answer to Interrogatory No. 19 was yes, please set forth a general description of what said inspection included. Also, please state the full name of the person or persons who conducted said inspections.

**RESPONSE**: **Not applicable.**

21.

Please state whether you transmitted any warning to the Plaintiff in regard to Plaintiff's use subject premises prior to the incident which is the basis of this litigation and if so, was said warning in writing?

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident.  Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.**

22.

Do you deny that at the time of the subject incident the area of occurrence which injured the Plaintiff on the premises which is the basis of this litigation was in good repair and free of any foreign liquid on the date of the incident?

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

23.

Do you contend for any reason that you as an owner/occupier may waive or avoid any of the rights, or duties relating to the liability of an owner/occupier for failure to maintain said premises that are the basis of this litigation. If so, what do you contend is the basis for said waiver or avoidance?

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess information responsive to this interrogatory.**

24.

Do you deny that at the time of the subject incident Plaintiff was a member of the class of persons protected by the provisions relating to owner/occupier liability for failure to keep premises in repair? If so, what is the basis for said denial?

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the**

date of the alleged incident.  As a result, Defendant does not possess information responsive to this interrogatory.

25.

Please identify each expert expected to testify at trial on your behalf and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.  See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I).  Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts.  The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this Interrogatory.

**RESPONSE**: **Defendant objects to this interrogatory on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects on the grounds this interrogatory seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B). Subject to and without waiving these objections, Defendant has not determined whether it will call an expert witness at trial.  Should Defendant decide to call an expert witness at trial, Defendant will supplement this response.**

26.

Do you claim that the occurrence in question was in any way caused by the Plaintiff?  If so, state the details of what the plaintiff did to cause this incident.

**RESPONSE**: **As discovery has just commenced and is ongoing, Defendant will supplement this response with responsive information.**

27.

Please state whether you are insured under a policy of insurance for any liability resulting from the incident that is the basis of this litigation.  If so, then with respect to each insurer, please provide the following:

(a)     Each insurer's name and address including any and all umbrella carriers;

(b)     Number of the insurance policy;

(c)     Name of the insured party or parties; and

(d)     The limit of liability with respect to each person (claimant) and with respect to each occurrence.

**RESPONSE**: **Please see Policy No. 99491906 produced with these responses.**

28.

Please state whether there exists any controversy between you and any of the insurers issuing any policy identified in your answer to Interrogatory No. 27 regarding whether the policy affords coverage for the incident.  If so, please provide the following information:

(a)     Identify the insurer who issued the policy;

(b)     What is the number of the policy;

(c)     Please set forth the factual basis for the controversy regarding coverage;

(d)     Please identify each writing relating to the coverage controversy;

(e)     Please state whether you have been informed by any person that insurance coverage relating to the incident has been denied;

(f)     Please set forth each fact that constituted the basis for the denial of coverage;

(g)     Please identify each writing relating to the denial of coverage; and

(h)     Please identify the present custodian of each writing identified to in your answer to subsection (g) above.

**RESPONSE**: **Not applicable.**

29.

Do you, your attorney, insurance carrier or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the incident alleged in the complaint, the scene of the incident, or the person involved made either before, after or at the time of the incident in question?  If so, as to each such item, state:

(a)     Its specific subject matter;

(b)     The date it was made or taken;

(c)     The name and last known address of the person making or taking it: and

(d)     The name and address of the person having custody of this item.

**RESPONSE**: **Defendant objects to this interrogatory on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects on the grounds this interrogatory seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B). Subject to and without waiving these objections: Defendant does not possess any information responsive to this interrogatory.**

30.

Please provide the full name and addresses of all persons whom you have rented or leased the premises to since you became the owner or owners of said premises.

**RESPONSE: Defendant states it was not the owner of the subject property, and as a result, Defendant does not possess any information responsive to this interrogatory.**

31.

Please provide the name of any and all insurance carriers and policy numbers who provided liability coverage for the said premises since you became the owner or owners of the premises.

**RESPONSE: Please see Policy No. 99491906 produced with these responses.**

32.

Please state whether during the period described in response to Interrogatory Nos. 31 and 36, whether you as owner or owners of said premises gave notice written or otherwise to your existing liability carriers that said premises (apartment) was being rented or leased to the party or parties identified in response to Interrogatory No. 31.  If so, tell how (written or otherwise) and when such notice was given to said liability carrier.

**RESPONSE: Defendant objects to this interrogatory on the grounds it exceeds the scope of permissible discovery pursuant to O.C.G.A. § 9-11-26(b)(2). Subject to and without waiving this objection, Defendant states it was not the owner of the subject property, and as a result, Defendant does not possess any information responsive to this interrogatory.**

## REQUESTS FOR PRODUCTION

## GENERAL OBJECTION

Defendant objects generally to Plaintiff's First Requests for Production of Documents on the basis of and to the extent they seek material or information that is privileged from disclosure by the attorney/client privilege, the work product doctrine or any other applicable privilege or doctrine. Defendant further objects generally to Plaintiff's First Requests for Production of Documents to the extent they attempt to enlarge or expand this Defendant's duty as defined by the Georgia Civil Practice Act.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.

All statement(s) a party has given to some person and/or entity including his liability insurance carrier but not statements made to his or her attorney.

**RESPONSE: Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B). Subject to and without waiving these objections, Defendant does not currently possess any documents responsive to this request.**

2.

All statement(s) of any witness or other participant(s) who has, or may have, claimed knowledge of the incident and/or the damages resulting from it.

**RESPONSE: Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine.**

-14-

**Defendant further objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B).  Subject to and without waiving these objections, Defendant does not currently possess any documents responsive to this request.**

3.

All photographs, slides, motion pictures, diagrams, maps, schematics, graphs, models, and other illustrative representations pertaining to the instrumentalities and/or physical objects involved, and the scene of the incident.

**RESPONSE: Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B).  Subject to and without waiving these objections, Defendant does not currently possess any documents responsive to this request.**

4.

All reports made as a result of any inspection, examination, or investigation by Defendant or by any person acting on behalf of Defendant as a result of the incident.

**RESPONSE: Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects to this request on the grounds it seeks information protected by attorney-client privilege.  Defendant objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A.  § 9-11-**

-15-

26(b)(4)(B).  **Subject to and without waiving these objections, Defendant does not currently possess any documents responsive to this request.**

5.

A true and accurate copy of all liability insurance policies which may cover the incident or any matters alleged in Plaintiff's complaint.

**RESPONSE**: **Please see Policy No. 99491906 produced with these responses.**

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this incident.

**RESPONSE**: **Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects to this request on the grounds it seeks information protected by attorney-client privilege.  Defendant objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B).  Subject to and without waiving these objections, see the Incident Report produced with these responses.**

7.

Notes, worksheets, test data and reports, correspondence, memorandums, opinions, and conclusions of all expert witnesses who will testify at trial on behalf of Defendant/s.

**RESPONSE**: **Defendant has not determined whether it will call an expert witness at trial. Should Defendant decide to call an expert witness at trial, Defendant will supplement this response.**

8.

All documents identified or referred to in Defendant's answers to Plaintiff's Interrogatories.

**RESPONSE**: **See Policy No. 99491906 produced with these responses**

9.

All communications and complaints made to Defendant with regard to the subject premises, regarding repairs, or requested repairs by all previous lessees including Plaintiff, and any response made by Defendant/s pertaining to said request during the period of January 1, 2006 to the present.

**RESPONSE**: **Defendant objects to this request on the grounds it seeks information prepared in anticipation of litigation and protected by the work product doctrine. Defendant further objects to this request on the grounds it seeks information protected by attorney-client privilege. Defendant objects on the grounds this request seeks information about specially retained experts outside the permissible scope of O.C.G.A. § 9-11-26(b)(4)(B). Subject to and without waiving these objections, Defendant does not currently possess any documents responsive to this request.**

10.

All documentation related to safety inspections of the subject premises conducted by Defendant and/or its agents prior to the date of the incident.

**RESPONSE**: **Defendant did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the**

date of the alleged incident.  As a result, Defendant does not possess documents responsive to this request.

11.

All documents evidencing, reflecting, or relating to any contract for lease, rental etc., between this Defendant/s and any person or persons who leased or rented said premises during the period that Defendant/s owned said premises.

**RESPONSE: Defendant did not own the subject property, and as a result, Defendant does not possess any documents responsive to this request.**

12.

Copies of any documents regarding claims or lawsuits brought against this Defendant which alleges injuries and damages sustained by any person/s on said premises during the period of January 1, 2006 to the present.

**RESPONSE: Defendant objects to this requests on the grounds it seeks information that is overbroad in time and scope, is not relevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence.**

13.

Complete copies of all liability insurance applications prepared by Defendant/s and submitted to all liability carriers for Defendant covering the premises which is the basis of this lawsuit covering the period of January 1, 2006 to the present.

**RESPONSE: Defendant objects to this request on the grounds it is overbroad in time and exceeds the scope of permissible discovery pursuant to O.C.G.A. § 9-11-26(b)(2). Defendant further objects on the ground this request is not reasonably calculated to lead to the discovery of admissible evidence.**

14.

Copies of all policies and procedures, manuals, or rules and regulations for operation of the premises.

**RESPONSE**: **Defendant objects to this requests on the grounds it seeks information that is overbroad in time and scope, is not relevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states it did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess documents responsive to this request for the relevant time period, which is the date of the incident.**

15.

Copies of all written complaints or criticisms received by Defendant/s concerning repair or maintenance problems of any type on the premises from January 1, 2006 to present.

**RESPONSE**: **Defendant objects to this requests on the grounds it seeks information that is overbroad in time and scope, is not relevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states it did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess documents responsive to this request for the relevant time period, which is the date of the incident.**

-19-

16.

Copies of any documents regarding any repairs that were made or needed to be made on the premises during the period January 1, 2006 to the present.

**RESPONSE**: **Defendant objects to this requests on the grounds it seeks information that is overbroad in time and scope, is not relevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states it did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess documents responsive to this request for the relevant time period, which is the date of the incident.**

17.

Copies of any invoices reflecting cost for repairs conducted on the premises during the period January 1, 2006 through to the present.

**RESPONSE**: **Defendant objects to this requests on the grounds it seeks information that is overbroad in time and scope, is not relevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant states it did not manage the subject property on the date of the alleged incident. Defendant was not responsible for the maintenance of the subject property on the date of the alleged incident. As a result, Defendant does not possess documents responsive to this request for the relevant time period, which is the date of the incident.**

18.

Any diagrams, blueprints or architectural plans of the premises.

**RESPONSE**: **Defendant does not possess any documents responsive to this request.**

19.

Copies of any work order or other document reflecting the purchase, repair or installation of the entrance/walkway which is the cause of this action.

**RESPONSE**: **Defendant does not possess any documents responsive to this request.**

20.

Copies of any written notice or notices listing the name and names of all tenants of Defendant/s and provided by Defendant to any and all liability insurers who insured said premises during the period of January 1, 2006 to the present.

**RESPONSE**: **Defendant objects to this request on the grounds it is overbroad in time and exceeds the scope of permissible discovery pursuant to O.C.G.A. § 9-11-26(b)(2).  Subject to and without waiving this objection, Defendant does not possess any documents responsive to this request.**

## REQUESTS FOR ADMISSION

1.

You have been properly identified in the Complaint.

**RESPONSE**: **Admit.**

2.

You were properly served with the Summons and Complaint for this matter.

**RESPONSE**: **Admit.**

3.

DeKalb County is the proper venue for this matter.

**RESPONSE**: **Deny.**

4.

This Court has jurisdiction over you.

**RESPONSE**: **Deny.**

5.

On July 13, 2015, you operated the mall known as "The Gallery at South DeKalb" located at 2801 Candler Road, Decatur, Georgia 30034.

**RESPONSE**: **Deny.**

6.

At the time of the incident involving Plaintiff, you owed Plaintiff a duty to keep the premises in repair and safe for invitees, such as Plaintiff.

**RESPONSE**: **Deny.**

7.

At the time of the incident, you breached the duty of care you owed to the Plaintiff.

**RESPONSE**: **Deny.**

8.

As a result of the incident Plaintiff was injured.

**RESPONSE**: **Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny.**

9.

Plaintiff was not negligent in any way related to the incident.

**RESPONSE**: **Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny.**

10.

At the time of the incident, Plaintiff exercised due care for her own safety.

**RESPONSE**: **Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny.**

11.

Plaintiff incurred medical expenses as a result of the incident leading to this lawsuit.

**RESPONSE**: **Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny.**

12.

Plaintiff's treatment following the incident was reasonable.

**RESPONSE**: **Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny.**

This __24th__ day of March, 2017.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____

C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
3/24/2017 2:14:16 PM
E-FILED
BY: Monique Roberts

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

DOREEN NEAL,                                )
                                            )
      Plaintiff,            )
                                            )
v.                                          )        CIVIL ACTION
                                            )        FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL            )
PROPERTIES, LLC, JOHN DOE, JANE DOE,        )
ABC CO., and XYZ, CO.,                      )
                                            )
      Defendants.           )

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, JOSEPH S. MCCARTHY, who upon being duly sworn, deposes and says that he is an authorized agent of URBAN RETAIL PROPERTIES, LLC, a Defendant in the above-styled action, that as such he is authorized to make this Verification, and that the facts contained in Defendant Urban Retail Properties, LLC's Objections and Responses to Plaintiff's First Continuing Interrogatories are true and correct to the best of his personal knowledge and belief. The language contained in the responses may be that of counsel and not of this witness. In addition, the facts may not be in the personal knowledge of this Witness, but are facts within the corporate and collective knowledge of URBAN RETAIL PROPERTIES, LLC.

This _23_ day of March, 2017.

Joseph S. McCarthy

Subscribed and sworn to before me this 23rd day

of _March_ , 2017.

Notary Public

My Commission Expires:

> **"OFFICIAL SEAL"**
> **MERRELL F. JONES**
> Notary Public, State Of Illinois
> My Commission Expires June 18, 2020
> Commission No. 504616

3400259v.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing **DEFENDANT URBAN PROPERTIES, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS** by depositing a copy of said pleading in the United States Mail with proper postage affixed thereto to ensure proper delivery and addressed as follows:

Colin A. Barron, Esq.
8237 Dunwoody Place
Atlanta, Georgia 30350

Zachary J. Nelson, Esq.
R. Scott Masterson, Esq.
LEWIS BRISBOIS BISGAARD &SMITH, LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309

This <u>24th</u> day of March, 2017.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: _____
C. Bradford Marsh
Georgia Bar No. 471280
Daniel J. Kingsley
Georgia Bar No. 541547
Attorneys for Defendant Urban Retail
Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

3379428v.1

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )       CIVIL ACTION
                                      )       FILE NO:
THOR EQUITIES, LLC, URBAN             )
RETAIL PROPERTIES, LLC,               )
JOHN DOE, JANE DOE, ABC CO.,          )
and XYZ, CO.,                         )
                                      )
    Defendants.                   )
_____)

### MOTION FOR LEAVE OF COURT TO ADD DEFENDANT AND AMEND COMPLAINT

COMES NOW, DOREEN NEAL, Plaintiff, by and through undersigned counsel and moves this Court, pursuant to O.C.G.A. § 9-11-21 and O.C.G.A. 9-11-15, to add Thor Gallery at South DeKalb, LLC (hereinafter "Thor Gallery") as a party defendant, and to allow Plaintiff to file an amended complaint reflecting such.

Pursuant to O.C.G.A. § 9-11-21, parties may be added or dropped by Order of the Court. A claim against a party added via amendment relates back to the date of the original pleadings if: (1) the party received notice of the institution of the action that he will not be prejudiced to be brought in by the amendment, and (2) he knew or should have known that, but for the mistake concerning the identity of the proper party, that the action would have been brought against him. O.C.G.A. § 9-11-15.

Here, Plaintiff initially named two defendants, Thor Equities, LLC (purported owner of the premises) and Urban Retail Properties, LLC (purported property manager of the premises). Following conversation with counsel for each entity, it became clear that Thor Equities, LLC (hereinafter "Thor Equities") was the actual property manager of the premises. Furthermore,

counsel for Plaintiff was informed by counsel for Defendant Thor Equities that Thor Gallery was the actual owner of the property at the time of the incident which gives rise to Plaintiff's cause of action. Thor Gallery and Thor Entities are related entities. Counsel for Thor Equities acknowledged and stipulated to the fact that Thor Gallery received notice of suit prior to the running of the statute of limitations. As such, Thor Gallery received notice of the institution of the action and knew, or should have known, but for mistake concerning the identity of the proper party, that the action should have been brought against them. As such, the requirements set forth in O.C.G.A. §§ 9-11-15 and 9-11-21 have been satisfied.

Wherefore, Plaintiff hereby moves this Court to issue an Order adding Thor Gallery at South DeKalb, LLC as a party defendant and to allow Plaintiff to file an amended Complaint reflecting such an amendment.

This 11th day of April, 2017.

HAUG LAW GROUP, LLC

COLIN ANDREW BARRON
Georgia Bar No. 812816
*Attorney for Plaintiff*

Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

STATE COURT OF
DEKALB COUNTY, GA.
4/11/2017 4:08:45 PM
E-FILED
BY: Monique Roberts

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Zachary J. Nelson, Esq.
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309

Daniel J. Kingsley
Swift, Currie, McGhee & Heirs, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309

This the 11th day of April, 2017.

HAUG LAW GROUP, LLC

COLIN ANDREW BARRON
Georgia Bar No. 812816
*Attorneys for Plaintiffs*

Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        CIVIL ACTION
                                      )        FILE NO: 16A62525
                                      )
THOR EQUITIES, LLC, URBAN RETAIL      )
PROPERTIES, LLC, JOHN DOE, JANE       )
DOE, ABC, CO., and XYZ, CO.,          )
                                      )
        Defendants.                   )

## 5.2 CERTIFICATE SERVING DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, I have this day served the opposing parties in the foregoing action with a true and correct copy of **PLAINTIFF'S RESPONSE TO DEFENDANT MORROW'S FIRST INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION** upon all counsel of record by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

R. SCOTT MASTERSON
ZACHARY J. NELSON
Lewis Brisbois Bisgaard & Smith, LLP
1180 Peachtree Street, NE
Suite 2900
Atlanta, GA 30309

C. BRADFORD MARSH
DANIEL J. KINGSLEY
Swift, Currie, McGhee & Hiers, LLP
The Peachtree
Suite 300
1355 Peachtree, NE
Atlanta, GA 30309-3231

This the 14 day of April, 2017.

HAUG LAW GROUP, LLC

COLIN ANDREW BARRON
Georgia Bar No. 812816
*Attorney for Plaintiff*

Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

2

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        CIVIL ACTION
                                      )        FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL      )
PROPERTIES, LLC, JOHN DOE, JANE DOE,  )
ABC CO., and XYZ, CO.,                )
                                      )
            Defendants.               )

## CONSENT MOTION TO DISMISS DEFENDANT URBAN RETAIL PROPERTIES, LLC

COME NOW the parties to the above-styled action, by and through their undersigned counsel and, pursuant to O.C.G.A. § 9-11-21, respectfully ask the Court to dismiss without prejudice Urban Retail Properties, LLC as a party defendant. The parties agree that Plaintiff's cause of action will remain against the remaining Defendants.

A proposed order is attached for the Court's convenience.

This 21st day of April, 2017.

                            **HAUG LAW GROUP, LLC**

                    By:     _/s/ Colin A. Barron_____
                            Colin A. Barron
                            (with express permission by Daniel J. Kingsley)
                            Georgia Bar No. 812816
                            Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, GA 30350
Phone: 470-258-1322
Fax: 678-528-2999
colin@hauglawgroup.com

**LEWIS BRISBOIS BISGAARD &SMITH, LLP**

By:      /s/ *Zachary J. Nelson*_____
         Zachary J. Nelson
         (with express permission by Daniel J.
         Kingsley)
         Georgia Bar No. 425915
         R. Scott Masterson
         Georgia Bar No. 476356
         Attorneys for Defendant Thor Equities, LLC

1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:      /s/ *Daniel J. Kingsley*_____
         C. Bradford Marsh
         Georgia Bar No. 471280
         Daniel J. Kingsley
         Georgia Bar No. 541547
         Attorneys for Defendant Urban Retail
         Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2017 1:02:21 PM
E-FILED
BY: Monique Roberts

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                  )
)
        Plaintiff,          )
)
v.                         )      CIVIL ACTION
)      FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL   )
PROPERTIES, LLC, JOHN DOE, JANE DOE,   )
ABC CO., and XYZ, CO.,          )
)
        Defendants.     )

## ORDER

This matter came before the Court on the parties' consent motion to dismiss Urban Retail Properties, LLC as a party defendant. Having considered the motion and all other matters of record, and for good cause shown,

IT IS HEREBY ORDERED that the parties' motion is GRANTED and Urban Retail Properties, LLC is dismissed without prejudice. The Clerk of Court is directed to modify the style of this case to reflect the dismissal.

SO ORDERED this _____ day of _____, 2017.

_____
Judge Mike Jacobs
State Court of DeKalb County

Order prepared by:

_/s/ Daniel J. Kingsley_
Daniel J. Kingsley
Georgia Bar No. 541547
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street N.E.
Suite 300
Atlanta, GA 30309

STATE COURT OF
DEKALB COUNTY, GA.
4/21/2017 1:02:21 PM
E-FILED
BY: Monique Roberts

-3-

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing **CONSENT MOTION TO DISMISS DEFENDANT URBAN RETAIL PROPERTIES, LLC** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

Colin A. Barron, Esq.
8237 Dunwoody Place
Atlanta, Georgia 30350

Zachary J. Nelson, Esq.
R. Scott Masterson, Esq.
LEWIS BRISBOIS BISGAARD &SMITH, LLP
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309

This <u>21st</u> day of April, 2017.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     <u>*/s/ Daniel J. Kingsley*</u>
        C. Bradford Marsh
        Georgia Bar No. 471280
        Daniel J. Kingsley
        Georgia Bar No. 541547
        Attorneys for Defendant Urban Retail
        Properties, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com
daniel.kingsley@swiftcurrie.com

-4-

3419631v.1

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DOREEN NEAL,                          )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )      CIVIL ACTION
                                      )      FILE NO. 16A62525
THOR EQUITIES, LLC, URBAN RETAIL      )
PROPERTIES, LLC, JOHN DOE, JANE DOE,  )
ABC CO., and XYZ, CO.,                )
                                      )
          Defendants.                 )

## ORDER

This matter came before the Court on the parties' consent motion to dismiss Urban Retail

Properties, LLC as a party defendant.  Having considered the motion and all other matters of

record, and for good cause shown,

IT IS HEREBY ORDERED that the parties' motion is GRANTED and Urban Retail

Properties, LLC is dismissed without prejudice.  The Clerk of Court is directed to modify the

style of this case to reflect the dismissal.

SO ORDERED this 25th day of _April_, 2017.

_____
Judge Mike Jacobs
State Court of DeKalb County

Order prepared by:

_/s/ Daniel J. Kingsley_
Daniel J. Kingsley
Georgia Bar No. 541547
Swift Currie McGhee & Hiers LLP
1355 Peachtree Street N.E.
Suite 300
Atlanta, GA  30309

-3-

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DOREEN NEAL,                              )
                                         )
       Plaintiff,                        )          CIVIL ACTION FILE
                                         )          NO.: 16A62525
v.                                       )
                                         )
THOR EQUITIES, LLC, URBAN                )
RETAIL PROPERTIES, LLC,                  )
JOHN DOE, JANE DOE, ABC CO., and         )
XYZ CO.,                                 )
                                         )
       Defendants.                       )
_____  )

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of ***DEFENDANT THOR EQUITIES, LLC'S RESPONSE TO PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS*** upon counsel of record by placing the same in the U.S. Mail with adequate postage affixed thereto and addressed as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 5th day of May, 2017.

                                       **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                                       */s/ Zachary J. Nelson*
                                       R. SCOTT MASTERSON
                                       Georgia Bar No. 476356
                                       ZACHARY NELSON
                                       Georgia Bar No. 425915
                                       *Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

4813-3367-6872.1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all parties to this action by electronically filing the same with the Clerk of Court, which will automatically send notification to all counsel of record, as follows:

Colin A. Barron
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 5th day of May, 2017.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

_/s/ Zachary J. Nelson_
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY NELSON
Georgia Bar No. 425915
*Counsel for Defendant Thor Equities, LLC*

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30309
404-348-8585 (t)
404-467-8845 (f)
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

DOREEN NEAL,                     )
                                 )
    Plaintiff,           )
                                 )
v.                               )          CIVIL ACTION
                                 )          FILE NO: 16A62525-5
THOR EQUITIES, LLC, URBAN        )
RETAIL PROPERTIES, LLC,          )
JOHN DOE, JANE DOE, ABC CO.,     )
and XYZ, CO.,                    )
                                 )
    Defendants.          )
_____)

**PROPOSED ORDER**
~~For Leave to Add Defendant~~

The ~~above~~ Motion For Leave to Add Defendant having been read and considered, and ~~the same appears~~ it appearing to the Court that sufficient grounds exist for the granting thereof,

IT IS HEREBY ORDERED that Plaintiff is granted leave to add Thor Gallery at South DeKalb, LLC as a party defendant; and having received leave of Court, Plaintiff shall be allowed to file an amended complaint reflecting the addition of Thor Gallery at South DeKalb, LLC as a party defendant. Furthermore, the case-style shall be amended to reflect the addition of Thor Gallery at South DeKalb, LLC.

IT IS HEREBY ORDERED this 30th day of May, 2017.

_____
Presiding Judge
State Court of DeKalb County

Judge Mike Jacobs
State Court of DeKalb County

Order Prepared By:

Colin Barron
Georgia Bar No. 812816
Attorney for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
4/11/2017 4:08:45 PM
E-FILED
BY: Monique Roberts

STATE COURT OF
DEKALB COUNTY, GA.
6/1/2017 4:10:31 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DOREEN NEAL,                          )
                                         )
     Plaintiff,                       )
                                         )
v.                                    )        CIVIL ACTION
                                         )        FILE NO: 16A62525
THOR EQUITIES, LLC,                   )
THOR GALLERY AT SOUTH                 )
DEKALB, LLC,                          )
JOHN DOE, JANE DOE, ABC CO.,          )
and XYZ, CO.,                         )
                                         )
     Defendants.                      )

### SECOND AMENDED COMPLAINT

COMES NOW, DOREEN NEAL (Plaintiff), by and through the undersigned counsel and hereby files this Second Amended Complaint against THOR EQUITIES, LLC and THOR GALLERY AT SOUTH DEKALB, LLC, (Defendants) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendants, Plaintiff's Request of Production to Defendants, and Plaintiff's Request for Admission to Defendants.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff Doreen Neal is an individual and resident of DeKalb County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant Thor Equities, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

4.

Venue is proper in this Court as to Defendant Thor Equities, LLC, because its registered agent, United Corporate Services, Inc., is located in DeKalb County, Georgia, and may be served with a copy of this Complaint in DeKalb County, Georgia at 4228 1st Avenue, Suite 10, Tucker, Georgia 30084.

5.

Jurisdiction is proper as to Defendant Thor Gallery at South DeKalb, LLC, because it is registered to do business in the state of Georgia, and it has been doing ongoing, regular and substantial business in this State.

4.

Venue is proper in this Court as to Defendant Thor Gallery at South DeKalb, LLC, because its registered agent, United Corporate Services, Inc., is located in DeKalb County, Georgia, and may be served with a copy of this Complaint in DeKalb County, Georgia at 4228 1st Avenue, Suite 10, Tucker, Georgia 30084.

<u>**FACTS APPLICABLE TO ALL CLAIMS**</u>

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

7.

On or about March 12, 2015, the date of her injuries, Plaintiff Neal was an invitee of Defendant in accordance with the provisions of O.C.G.A. § 51-3-1, et seq., at The Gallery at South DeKalb, located at 2801 Candler Road, Decatur, Georgia 30034 (hereinafter "the premises").

8.

Plaintiff Neal, while a lawful invitee on the premises, was proceeding through the mall.

9.

As Plaintiff was proceeding through the mall, she slipped and fell in a puddle of water, which was accumulating as the direct result of a leaking ceiling controlled by Defendants.

10.

As a result of the fall, Plaintiff sustained significant bodily injuries.

<u>**COUNT I – NEGLIGENCE – DEFENDANT THOR EQUITIES, LLC**</u>

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

11.

Defendant Thor Equities, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

12.

Defendant Thor Equities, LLC, was negligent in failing to keep the premises safe and in repair, as required by law.  As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

13.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

14.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

15.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

16.

Defendant Thor Equities, LLC, had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

17.

Plaintiff was without fault in causing the aforementioned incident.

## COUNT II – NEGLIGENCE – DEFENDANT THOR GALLERY AT SOUTH DEKALB, LLC

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

### 18.

Defendant Thor Gallery at South DeKalb, LLC, failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

### 19.

Defendant Thor Gallery at South DeKalb, LLC, was negligent in failing to keep the premises safe and in repair, as required by law. As the direct and proximate result of Defendant's negligence in failing to keep the premises in safe, Plaintiff slipped on the puddle of water left on the floor of the premises, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

### 20.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

### 21.

As a direct and proximate result of the Defendant's negligence, Plaintiff has sustained significant bodily injuries. Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

### 22.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory,

general and special damages as may be shown by the evidence.

23.

Defendant Thor Gallery at South DeKalb, LLC, had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

24.

Plaintiff was without fault in causing the aforementioned incident.


**WHEREFORE**, the Plaintiff prays:

1. That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendants for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.


This 6th day of June, 2017.

**HAUG LAW GROUP, LLC**


STATE COURT OF
DEKALB COUNTY, GA.
6/5/2017 1:56:19 PM
E-FILED
BY: Monique Roberts

Colin A. Barron
Georgia Bar No.: 812816
Attorney for Plaintiff

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: Colin@HaugLawGroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading by depositing said copy in the Untied States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Zachary J. Nelson, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
1180 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30309

This 6th day of June, 2017.

HAUG LAW GROUP, LLC

Colin A. Barron
Georgia Bar No.: 812816
Attorney for Plaintiff

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DOREEN NEAL, )<br><br>    Plaintiff, )<br><br>v. )<br><br>THOR EQUITIES, LLC, )<br>THOR GALLERY AT SOUTH )<br>DEKALB, LLC, )<br>JOHN DOE, JANE DOE, ABC CO., )<br>and XYZ, CO., )<br><br>    Defendants. ) | CIVIL ACTION<br>FILE NO: 16A62525 |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: Thor Gallery at South DeKalb

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Colin A. Barron, Esq.
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

An Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you exclusive of the day of service. Additionally, find enclosed First Interrogatories to Defendant, First Requests for Production, and Requests for Admission which you must respond to within 45 days after service of this Summons upon you. If you fail respond to the Answer within 30 days, judgment by default will be taken against you for the relief demanded in this Complaint.

6/6/2017

This _____ day of _____, 2017.

/s/ Monique Roberts

By_____
          Deputy Clerk

## AFFIDAVIT OF SERVICE

**State of Georgia**                  **County of De Kalb**                  **State Court**

Case Number: 16A62525

Plaintiff:
**Doreen Neal**

vs.

Defendant:
**Thor Equities, LLC, Thor Gallery at South Dekalb, LLC, John Doe, Jane Doe, ABC Co., and XYZ, Co.,**

For:
Colin Barron
Haug Law Group
8237 Dunwoody Place
Atlanta, GA 30350

Received by Perma Investigations on the 8th day of June, 2017 at 9:48 am to be served on **Thor Gallery at South Dekalb, LLC c/o United Corporate Services, Inc, 4228 1st Avenue, Suite 10, Tucker, GA 30084.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **8th day of June, 2017 at 2:30 pm, I:**

served **Thor Gallery at South Dekalb, LLC c/o United Corporate Services, Inc** by delivering a true copy of the **Summons, Second Amended Complaint, Certificate of Service, Plaintiff's First Continuing Interrogatories, Request for Production, and Requests for Admissions to Defendant Thor Gallery at South Dekalb LLC** to: United Corporate Services, Inc. as **Registered Agent, BY LEAVING THE SAME WITH** Jody Moore as **Legal Assistant / Authorized Agent** at the address of: **4228 1st Avenue, Suite 10, Tucker, GA 30084** .

**Additional Information pertaining to this Service:**
6/8/2017  2:30 pm  Perfected service at 4228 1st Avenue, Suite 10, Tucker, GA 30084, by serving Jody Moore, legal assistant.

White female
5'6" 140 lbs
Auburn hair
50 years old
No glasses

## AFFIDAVIT OF SERVICE For 16A62525

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Christopher Todd Horton
Perma

**Perma Investigations**
**2020 Hembree Grove Drive**
**Roswell, GA 30076**
**(770) 664-8005**

Subscribed and Sworn to before me on the 9th day of June, 2017 by the affiant who is personally known to me.

NOTARY PUBLIC

Our Job Serial Number: ANC-2017002310
Ref: Doreen Neal

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2e