IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOREEN NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO: 1:17-cv-02522-TWT |
| THOR EQUITIES, LLC, THOR ) | |
| GALLERY AT SOUTH DEKALB, ) | |
| LLC, JOHN DOE, JANE DOE, ABC ) | |
| CO., and XYZ, CO. ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' RULE 26 (a)(1) INITIAL DISCLOSURE STATEMENT**

Defendants THOR EQUITIES, LLC and THOR GALLERY AT SOUTH DEKALB, LLC (the "Defendants"), by and through counsel, provide the following information pursuant to Federal Rule of Civil Procedure 26(a)(1).

INTRODUCTORY STATEMENT

This Initial Disclosure is made in good faith by the Defendants based upon the information reasonably available at this time and without the benefit of significant investigation or discovery. Defendants reserve the right to supplement this Disclosure as subsequent investigation and discovery reveal additional information or the need for revisions to information disclosed. In particular, this Disclosure should not be

4837-4085-3580.1

construed to limit Defendants' ability to later identify individuals with knowledge of relevant facts or documents as they become known to Defendants through discovery and investigation. At this time, Defendants will identify, to the extent possible, information and documents that may be used to support Defendants' defenses. However, by identifying such information and documents, Defendants do not waive any objections thereto, including, without limitation, those based upon relevance, materiality, confidentiality, privilege, immunity from disclosure, or other grounds.

1. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendants were properly identified.**

2. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question to misjoinder of parties, provide the reasons for defendant's contention.

**At this time, Defendants know of no other necessary parties to this action. Defendants are currently investigating the identity of the installer of the roof Plaintiff contends was leaking which she contends led to her injuries and may seek to join them as a third-party defendant in this action.**

3. Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserts by defendant in the responsive pleading.

**Defendants state that there was no hazardous condition on the premises on the date of the incident as alleged in Plaintiff's complaint. Plaintiff contends that Defendants' roof was leaking as a result of rain; however, on the date of the alleged incident there was no occurrence of rain. Plaintiff failed to report any hazardous condition to Defendants on the date of the alleged incident, and instead waited for well over a week before reporting any alleged hazardous condition to Defendants. Plaintiff also failed to obtain medical treatment for her alleged injury for a significant period of time following the alleged incident, and thus failed to mitigate her damages.**

**Further, assuming arguendo a hazardous condition was present, Defendants would have remedied the hazard in a reasonable amount of time during one of their many regular inspections of the premises and/or placed warning signs or other apparatuses that would have put Plaintiff on notice of any such hazardous condition. Accordingly, had Plaintiff encountered any alleged hazardous condition after being put on such notice, she cannot hold Defendants liable for any injury sustained from the alleged hazardous condition.**

4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Defendants state the following are applicable legal authority:**
i.   **Federal Rules of Civil Procedure**
ii.  **Federal Rules of Evidence**
iii. **Federal Statutes**
a.   **28 U.S.C. § 1332 (Diversity Jurisdiction)**
b.   **28 U.S.C. § 1391 (Venue)**
iv.  **Georgia Statutes**
a.   **O.C.G.A. § 51-3-1 thru § 51-3-3**
b.   **O.C.G.A. § 51-12-33**
c.   **O.C.G.A. § 51-12-11**
d.   **O.C.G.A. § 51-11-7**
v.   **Case Law**
a.   **Patrick v. Macon Hous. Auth., 250 Ga. App. 806 (2001)**
b.   **Norman v. Jones Lang LaSalle Ams., Inc., 277 Ga. App. 621 (2006)**
c.   **Duncan v. Randolph, 236 Ga. App. 566, 568 (512 S.E.2d 688) (1999)**
d.   **Blosfeld v. Hall, 236 Ga. App. 286, 287-288 (511 S.E.2d 196) (1999)**
e.   **Dailey v. Echols, 265 Ga. App. 459, 461 (2004)**

5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information (Attach witness list to Initial Disclosures as Attachment A).

**Please see Attachment A.**

6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate witness report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).

**Defendants have not made a decision as of yet regarding the use of expert and non-expert witnesses it will use at trial. Defendants will supplement as required and will identify their experts to the extent experts are retained.**

7. Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

**Please see Attachment C.**

8. In the space provided below, provide a computation of any category or damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**Defendants are not currently seeking to recover monetary damages in this case.**

9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in the detail the basis of such liability.

**Defendants are not currently aware of any other person or entity who is liable, in whole or in part, to Plaintiff. Defendant is currently investigating the identity of the party who installed the roof at the subject premises that Plaintiff**

4837-4085-3580.1

- 5 -

**contends was leaking on the date of the alleged incident. Defendants will supplement this request if necessary. Defendants further assert that Plaintiff's own negligence contributed to or caused the alleged injury asserted by Plaintiff in this action.**

10. Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

**Please see Attachment E.**

Respectfully submitted, this 4th day of August, 2017.

                                            **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                            */S/ ZACHARY J. NELSON*

1180 Peachtree Street, N.E.       R. SCOTT MASTERSON
Suite 2900                                 Georgia Bar No. 476356
Atlanta, GA 30309                ZACHARY J. NELSON
Telephone: 404.348.8585        Georgia Bar No. 425915
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com    *Counsel for Defendants*
zach.nelson@lewisbrisbois.com

## CERTIFICATION OF FONT

The undersigned counsel for Defendants hereby certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

                                         **LEWIS BRISBOIS BISGAARD & SMITH LLP**

|  |  |
|---|---|
|  | */S/ ZACHARY J. NELSON* |
| 1180 Peachtree Street, N.E. | R.SCOTT MASTERSON |
| Suite 2900 | Georgia Bar No. 476356 |
| Atlanta, GA 30309 | ZACHARY J. NELSON |
| Telephone: 404.348.8585 | Georgia Bar No. 558940 |
| Facsimile: 404.467.8845 |  |
| scott.masterson@lewisbrisbois.com | *Counsel for Defendants* |
| zach.nelson@lewisbrisbois.com |  |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANTS' RULE 26 (a)(1) INITIAL DISCLOSURE STATEMENT** upon all parties to this matter using the CM/ECF filing system which will automatically send a copy of same to all counsel of record addressed as follows:

Colin A. Barron, Esq.
Haug Law Group
8237 Dunwoody Place
Atlanta, Georgia  30350

*Attorney for Plaintiff*

Respectfully submitted, this 4th day of August, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1180 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309
Telephone: 404.348.8585
Facsimile: 404.467.8845
scott.masterson@lewisbrisbois.com
zach.nelson@lewisbrisbois.com

*/S/ ZACHARY J. NELSON*
R. SCOTT MASTERSON
Georgia Bar No. 476356
ZACHARY J. NELSON
Georgia Bar No. 558940

*Counsel for Defendants*

# **EXHIBIT A**

1.  Plaintiff Doreen Neal
    DeKalb County, Georgia

2.  Defendants may be reached through undersigned counsel;
    Corporate Representative of Thor Gallery at South DeKalb LLC
    Corporate Representative of Thor Galleries, LLC

3.  Tene Gallemore, General Manager of Thor Gallery at South DeKalb who may be contacted through counsel of record

4.  Housekeeping staff on duty on March 12, 2015 which may, depending on their current employment status, be contacted through undersigned counsel including:
    Monica Battle
    Ruby Hodges
    Ruth Hall
    Marie Bouloute
    Casterderria Davis
    Rebekah Taylor
    Kenneth Kieler

5.  Maintenance Staff on duty on March 12, 2015 which may, depending on their current employment status, be contacted through undersigned counsel

6.  Security Officer Chakir O'Neal, contact information currently unknown;

7.  Security Officer R.C. Orr, contact information currently unknown;

8.  Security Officer Joe Davis, contact information currently unknown;

9.  Security Officer Townshend, contact information currently unknown;

10. Security Officer Rodney Fields, contact information currently unknown;

11. Daniel Oshie, contact information currently unknown

12. Plaintiff's Medical Providers

13. Any additional party identified during discovery

# **EXHIBIT B**

Not Applicable at this time.

## **EXHIBIT C**

Defendants anticipate maintaining at their undersigned counsel's office copies of all records and investigation notes related to the underlying accident, including:

Incident reports;
Medical records received to date;
Daily Activity Reports;
Weather reports;
Housekeeping schedule;
Maintenance schedule;
and
Insurance policy

# **EXHIBIT D**

Not Applicable at this time.

## **EXHIBIT E**

Standard Discovery Documents as outlined in Exhibit "C" will be delivered directly on Plaintiffs per agreement of counsel and given privacy concerns for said documents and the potential need for the execution of a Consent Non-Disclosure Order.